Filed 4/13/15  P. v. Hill CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D066201 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD247231) |
| JOSEPH ANTHONY HILL, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Amalia L. Meza, Judge.  Affirmed in part, reversed in part, and remanded with directions.

Siri Shetty, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Peter Quon, Jr., and Anthony Da Silva, Deputy Attorneys General, for Plaintiff and Respondent.

In March 2013, Joseph Hill kicked his girlfriend in the face, breaking her nose and further injuring her.  Hill was convicted of corporal injury to a spouse or roommate and assault by means likely to produce great bodily injury.  Because Hill had two prior

serious or violent strike convictions, he was sentenced under California's three strikes law.

Hill now appeals, claiming (1) the trial court abused its discretion by refusing to dismiss one of his prior strike conviction allegations, and (2) the trial court erred by staying a one-year prison enhancement that should have been stricken. The People claim the trial court properly refused to dismiss a prior strike conviction allegation based on Hill's 26-year history of criminality, which was increasing in violence. The People agree, however, that the trial court erred by staying, rather than striking, a one-year prison enhancement.

## FACTUAL AND PROCEDURAL BACKGROUND

On March 31, 2013, Hill, along with two friends, picked up his then-girlfriend Ayla Hooper from the hospital. The group visited a gravesite at the Fort Rosecrans cemetery. There, Hill and Hooper started to argue. Hill took Hooper's belongings out of the vehicle and threw them on the ground. When Hooper knelt down to retrieve them, Hill kicked her in the face. As Hill drove away, witnesses called the police.

When Hooper regained consciousness, she told witnesses it was Hill who kicked her but maintained she did not want to call police. Hooper also called her mother and said it was Hill who kicked her in the face. When authorities arrived, they observed a bump above Hooper's right eye and dried blood on her upper lip; they did not observe bruising or a bloody nose. Hooper declined medical treatment and departed the area with her mother. Soon thereafter, officers arrested Hill at a nearby 7-Eleven after a bystander identified him in a curbside lineup.

2

While incarcerated, Hill contacted both Hooper and his mother several times. During phone calls to Hooper, Hill maintained he did not kick her and repeatedly asked if she was going to testify for him. During phone calls to his mother, Hill discussed Hooper's potential testimony and asked his mother to "keep on [Hooper] about the story."

In an Amended Information, filed on May 5, 2013, the San Diego County District Attorney charged Hill with corporal injury to a spouse or roommate (Pen. Code, § 273.5, subd. (a)[1]—count 1); battery with great bodily injury (§ 243, subd. (d)—count 2); and assault by means likely to produce great bodily injury (§ 245, subd. (a)(4)—count 3), with each count a strike under the three strikes law (§§ 667, subds. (b)-(i), 1170.12). As to counts 1 and 3, it was further alleged Hill inflicted great bodily injury on Hooper (§ 1192.7, subd. (c)(8)) and personally inflicted great bodily injury on Hooper under circumstances involving domestic violence (§ 12022.7, subd. (e)). As to all counts, it was further alleged Hill intended to cause great bodily injury (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii)). It was further specially alleged Hill had six prior denials of probation (§ 1203, subd. (e)(4)), four prison priors (§§ 667.5, subd. (b), 668), two serious felony priors (§§ 667, subd. (a)(l), 668, 1192.7, subd. (c)), and two strike priors (§§ 667, subds. (b)-(i), 1170.12, 668).

In a bifurcated proceeding, a jury found Hill guilty of corporal injury to a spouse or roommate (count 1), with true findings that he intended to cause great bodily injury and caused great bodily injury under circumstances involving domestic violence, and guilty of assault by means likely to produce great bodily injury (count 3), with true

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

findings that he intended to cause, and he personally inflicted, great bodily injury. The jury found Hill not guilty of battery with serious bodily injury (count 2). The trial court found true all further special prior allegations.

On June 20, 2014, pursuant to the three strikes law, the trial court sentenced Hill to 18 years plus an indeterminate term of 25 years to life. Specifically, the court imposed 25 years to life for count 1, 5 years for the section 12022.7 allegation, 5 years for each serious felony, and 3 one-year terms for three of the prison priors; the court stayed the terms for both count 3 and one prison prior. On June 23, 2014, Hill filed a notice of appeal.

DISCUSSION

I

*Standard of Review*

A trial court's refusal to dismiss a prior strike conviction allegation is reviewable for abuse of discretion, a deferential standard. (*People v. Carmony* (2004) 33 Cal.4th 367, 374.) The party seeking dismissal bears the burden of clearly showing the sentencing decision was irrational or arbitrary. Without that showing, " ' "the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review." ' " (*Id.* at pp. 376-377, quoting *People v. Superior Court* (*Alvarez*) (1997) 14 Cal.4th 968, 977-978.) A trial court does not abuse its discretion "unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*Carmony*, at p. 377.)

4

## II

### *Prior Strike*

Hill has two prior strike convictions, one in 1988 for robbery with use of a firearm (§ 211), and one in 2007 for battery resulting in great bodily injury (§ 243, subd. (d)). He contends the trial court abused its discretion by declining to dismiss the earlier prior conviction allegation, because the record demonstrates he should be treated as though he actually falls outside the three strikes law. The People assert the trial court properly refused to dismiss the prior strike conviction allegation based on Hill's "extensive and serious criminal history since 1988."

Trial courts are empowered to dismiss prior strike conviction allegations in furtherance of justice. (§ 1385, subd. (a); *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, 507-508.) Furtherance of justice requires the trial court to consider both the constitutional rights of the defendant and the societal interest in the fair prosecution of crimes properly alleged. (*Romero*, at p. 530.) Ultimately, the court must decide "whether, in light of the nature and circumstances of his present felonies and prior . . . convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the [spirit of the three strikes law], in whole or in part, and hence should be treated as though he had not previously been convicted of one or more [strikes]." (*People v. Williams* (1998) 17 Cal.4th 148, 161.)

Hill claims his criminal history shows he is not the type of violent recidivist offender for whom the three strikes law was created. He asserts the trial court should have dismissed his strike conviction allegation from 1988 because: (1) the conviction is

5

remote, dating back to when Hill was 18 years old; (2) his subsequent criminal history consists of mostly nonviolent drug and theft offenses; and (3) even absent a third strike conviction, his potential sentence remains substantial, at 26 years of imprisonment.

Considering the nature and circumstances of Hill's present felonies and prior convictions, and the particulars of his background, the trial court reasonably found that to dismiss a prior strike conviction allegation would not be in furtherance of justice, and refused to do so, citing Hill's "extensive and serious criminal history since 1988" as the primary reason.

The trial court reviewed Hill's extensive criminal history, which included: in 1988, robbery with use of a firearm (§ 211), for which he was sentenced to three years in prison; in 1990, indecent exposure (former Pen. Code, § 314.1); between 1990 and 1994, three parole violations; in 1995, grand theft [stolen cargo over $950] (§ 487h), for which he was sentenced to four years in prison; between 1999 and 2003, five parole violations; in 2003, possessing narcotics for sale (Health & Saf. Code, § 11378); in 2004, possessing narcotics for sale (Health & Saf. Code, § 11378), for which he was sentenced to four years in prison; in 2006, one parole violation; in 2006, possessing controlled substances while armed with a firearm (Health & Saf. Code, § 11370.1), and failing to register as a sex offender (§ 290), for which he was sentenced to five years in prison; in 2007, battery resulting in great bodily injury (§ 243, subd. (d)), for which he was sentenced to two years in prison; between 2012 and 2013, four parole violations; and, in 2013, in this case, corporal injury to a spouse or roommate (§ 273.5, subd. (a); count 1), and assault by means likely to produce great bodily injury (§ 245, subd. (a)(4); count 3).

6

Hill argues the trial court abused its discretion by not considering relevant factors in mitigation, like the fact that a 26-year sentence will incarcerate Hill "beyond the point at which recidivism [is] likely," or the fact Hooper declined medical attention at the scene, and did not appear to suffer any permanent injuries. The trial court heard and considered argument on those points. It nonetheless decided "it would not be in the interest of justice to [dismiss the prior strike conviction] considering the totality of the circumstances in this case."

Because Hill's record portrays a lifetime of crime and imprisonment, and because the three strikes law was designed to address the problem of "revolving door" career criminals, it cannot be said that no reasonable person could agree with the trial court's decision. The trial court therefore did not abuse its discretion when it refused to dismiss one of Hill's prior strike conviction allegations.

## II

### *Prison Prior*

Hill argues, and the People agree, that the sentence for his 1988 one-year prior prison enhancement must be stricken instead of stayed, pursuant to section 654, because the trial court imposed a five-year serious felony enhancement for the same 1988 conviction (case No. CR92690). "[W]hen multiple statutory enhancement provisions are available for the same prior offense, one of which is a section 667 enhancement, the greatest enhancement, but only that one, will apply." (*People v. Jones* (1993) 5 Cal.4th 1142, 1150.) The trial court improperly imposed both the one-year prior prison enhancement under section 667.5, subdivision (b), and the five-year serious felony

enhancement under section 667, subdivision (a), based on the same 1988 conviction.  The one-year prior prison enhancement must be stricken.

DISPOSITION

The case is remanded to the trial court with directions to strike the 1988 one-year prior prison enhancement and to so inform the Department of Corrections and Rehabilitation.  In all other respects, the judgment is affirmed.


McDONALD, J.

WE CONCUR:


HALLER, Acting P. J.


McINTYRE, J.